## SUPREME COURT.

THE ANCHOR LIFE INSURANCE COMPANY appellant, agt.
ROGER W. PEASE, respondent.

Where a *general agent* of a life insurance company, under an agreement with a
physician, *issued* a policy of insurance to the latter, whereby the physician agreed
to pay a certain sum ($284 35) annually, as premium, for ten years, upon the
condition that said agent employ the assured as an examining physician for the
company, and that the services of the physician should be paid by such premium :
and it appeared, on the trial of the action by the insurance company against the
physician, to recover the first premium note of $284 35 that the agent had no
authority, by his agreement with the company or otherwise, to make such an
agreement for insurance, and as the company had never, in any manner, ratified
the same, the policy of insurance was invalid and the premium note void.

The transaction was not an ordinary one which would come under the general
powers and duties of a general agent, but an extraordinary one requiring specific authority.

*Fourth Department, General Term.*

*Argued at Rochester, September* 19, 1872, *and decided at
Syracuse, January* 3, 1873.

*Before* MULLIN, *P. J.,* TALCOTT & SMITH, *JJ.*

THIS action was brought upon a promissory note, of which
the following is a copy :

" $284 35.                    Syracuse, May 20th, 1870.

" One year after date, without grace, for value received, I
promise to pay to the Anchor Life Insurance Company, at
office at Syracuse, $284 35 with interest.   The consideration
for this note is the first annual premium on policy No. 2S12,
issued by said company on the life of R. W. Pease ; and it
is hereby understood and agreed that unless this note shall
be paid at maturity said policy shall be void, but this note
shall be of full force and effect ; and in case of the death of
said assured before the maturity of this note, then the

amount of this note shall be deducted from the amount of said policy upon payment thereof. R. W. PEASE."

At the time of the delivery of said note by the defendant the plaintiffs issued their policy of insurance, whereby, in consideration of the payment to them of the sum of $284 35 annually, for ten years, they agreed to insure the life of the defendant for $5,000. Said policy contained, among other stipulation, the following:

"The premiums shall be paid in cash, only on the production of receipts signed by the president or secretary. The president and secretary of the company are alone authorized to make, alter, or discharge contracts, or to waive forfeitures." Said policy was signed by Cantine & Bliss, general agents. At the time said note was given Cantine & Bliss were the agents of the plaintiff at Syracuse. Mr. Cantine was sworn for the defendant, and stated that the authority of his firm to act for the plaintiff was in writing; that he had power under his employment by the plaintiff to employ examining physicians, subject to plaintiff's approval. The plaintiff objected to this evidence on the ground that the agents' authority was in writing, and that the writing should be produced; but the referee overruled the objection.

The defendant, then, introduced in evidence, under objection, the following letter:

"Agency Anchor Life Ins. Co., Syracuse, Aug. 2, 1870.

R. W. Pease, M.D.—Dear Sir: We send in our report to-day, and need a voucher for the premium on your policy No. 2812, Anchor Life. We have made the note to run six months, and as we expect to give our attention to Syracuse for the present, we shall probably cancel the voucher, by medical examinations, in a short time. You will notice that we have stipulated that medical examinations shall cancel the amount of premium. We have called twice or three times to-day, but found you out. Please return the voucher by the bearer. Yours, &c., CANTINE & BLISS, Managers."

Cantine swore that he wrote said letter without the

knowledge or authority of the plaintiff and that he had no authority to contract for the plaintiff to take premiums in medical services. The defendant swore that he was employed by Cantine & Bliss as examining physician for the plaintiffs and that he received the letter before he executed the note.

The referee, before whom the case was tried found the following conclusions of law; " 1st That the said defendant having no notice or knowledge of the actual authority of the said agents had the right to deal with them as to any matter within the scope of their apparent authority.

2d. That said agents having actual authority to employ medical examiners, for said plaintiff might lawfully contract to pay them for their services in insurance premiums instead of money:

3rd. That the contract to receive pay for the said note in the services of the said defendant as medical examiner for said plaintiffs is a valid and binding contract on said plaintiffs, and is a defense to this action. The plaintiffs appealed from the judgment entered upon said report to the general term.

IRVING G. VANN, *for appellant.*
H. L. LEAVENWORTH, *for respondent*

*By the court,* TALCOTT, J.—This is an action on a note given by the defendant for a premium on a policy of insurance on his life, issued by the plaintiff. George A. Cantine and one Bliss were agents for the plaintiff at Syracuse. They had employed the defendant, who is a physician, as an examining physician and surgeon for the plaintiff. The note purports to be payable in cash. The referee however finds upon the evidence that the plaintiff applied to the defendant through their said agents for an insurance upon his life for the benefit of his wife, for the sum of $5,000, and that the defendant then and there entered into a contract with the

plaintiff through their agents aforesaid whereby the plaintiff agreed to insure the life of the defendant for $5,000, and in consideration thereof the defendant agreed to pay the plaintiff the sum of $284 35 annually for ten years in his fees as a medical examiner for the plaintiff and that upon the said agreement the policy was issued.

He also finds that the note in suit was made by the defendant upon the same agreement stated in writing by the plaintiff. The fact is, that the agreement was made by the Syracuse agents without the knowledge of the other officers of the plaintiff.

It was proved that the authority conferred upon the agents was in writing and it was objected that it should be produced or notice to produce it given. The referee, however overruled the objection and the defendant undertook to prove the authority by the parol testimony of Cantine, the agent. On his direct examination he testified that he was authorized to employ an examining physician, subject to the approval of the plaintiff. But on his cross-examination he testified that he was not in anyway authorized by the plaintiff to make such a contract as the referee has found. The policy signed by the president and secretary, and which the referee has found was delivered to the defendant simultaneously with the making of the note, contained a provision that the premiums should be paid in cash and the further provision that the president and secretary of the company are alone authorized to make, alter or discharge contracts.

The referee has found the contract to be valid and binding on the plaintiff, on the ground that Cantine & Bliss acted as general agents of the company at Syracuse and so held themselves out, with the knowledge and consent of the company and upon the ground that the defendant had no notice of any limitation of the agent's authority. In this we think the referee erred. A party dealing with a general agent has a right to presume, in the absence of any knowledge of his actual powers, that he possesses the ordinary

powers of such agent. The contract, which the agents in this case assumed to make, was of an extraordinary character, not shown to have been customary or within the scope of the powers of such agents and it cannot be presumed to have been a customary contract, usually made by such agents, especially in the face of the direct provisions to the contrary contained in the policy delivered to the defendant as a part of the transaction. The plaintiff has never ratified the contract after a knowledge of its terms, but in fact repudiates it. The judgment for the defeneant is therefore correct as both the policy and the note are ineffectual and invalid for want of power in the agent. to make such a contract, in the absence of any valid ratification by the principal, and the conclusions of law of the referee that the contract is valid and binding upon the parties, which would give effect to both the policy and the note to pay in medical examinations, must be reversed.

Accordingly the first, second and third conclusions of law of the referee are reversed, but the judgment appealed from is affirmed.